IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RODNEY L. CARVER,

      **Plaintiff,**

v.                                           Case No. 22-CV-103-JFH-JAR

SGT. DRISCOLL,

      **Defendant.**

## OPINION AND ORDER

Plaintiff Rodney L. Carver, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 7. Defendant Sgt. Driscoll moved to dismiss the Amended Complaint. Dkt. No. 16. Carver did not submit a response in opposition to the motion. For the following reasons, the Court GRANTS Driscoll's motion.

## BACKGROUND

Carver's claims arise from events alleged to have occurred while Carver was housed at the John H. Lilley Correctional Center in Boley, Oklahoma. Dkt. No. 7 at 2-3, 5-6.[1] Carver names Sgt. Driscoll as the sole defendant and seeks compensatory damages.[2] *Id.* at 7. Carver alleges that on March 9, 2022, Driscoll tried to break Carver's wrist while removing his handcuffs. *Id.* at 5. Carver further claims that Driscoll harassed and mentally abused him on April 7, 2022, April 14,

---

[1] The Court's citations refer to the CM/ECF header pagination.

[2] Carver does not specify whether his claims are brought against Driscoll in his individual or official capacity. Carver, however, seeks only compensatory damages. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."). As Carver does not expressly plead an official-capacity claim or seek injunctive relief, the Court construes Carver's pleading as raising only individual-capacity claims against Driscoll.

2022, and May 12, 2022, and that Driscoll hit Carver in the head with Carver's blanket in the early morning of May 12, 2022.  *Id.* at 5-6.

In his motion, Driscoll asserts that Carver's claims are subject to dismissal for failure to state a claim upon which relief can be granted and for Carver's failure to exhaust his administrative remedies prior to filing this action, in contravention of the Prison Litigation Reform Act.  Dkt. No. 16 at 4-15.[3]

## LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *See Twombly*, 550 U.S. at 555-56.  While the Court construes a pro se litigant's pleadings liberally, this liberal construction, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall*, 935 F.2d at 1110.  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A**. **Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) prescribes that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[3]  Because the Court finds that Carver failed to exhaust his administrative remedies, the Court does not reach Driscoll's alternative arguments for dismissal.

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).  The prisoner must use "all steps that the agency holds out, and [do] so *properly*." *Id.* at 90 (internal quotation marks omitted). Under the PLRA, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks omitted).  The PLRA's exhaustion requirement, however, extends only to administrative remedies that are "available." *See May v. Segovia*, 929 F.3d 1223, 1234 (2019).  "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.*  Further, "the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Oklahoma Department of Corrections' grievance procedure utilized by the John H. Lilley Correctional Center requires an inmate initially to attempt informal resolution by communicating with staff regarding the issue. Dkt. 15-4 at 8.  If the conversation does not resolve the matter, the inmate must submit a written Request to Staff within seven days of the incident. *Id.* at 8-9.  If the response to the Request to Staff does not resolve the inmate's complaint, the inmates may, within fifteen days of its receipt, file a formal grievance with the appropriate reviewing authority. *Id.* at 11.  Finally, the inmate may appeal the reviewing authority's response to the formal grievance within fifteen days of its receipt. *Id.* at 15.  Under the policy, Requests to

3

Staff, formal grievances, and grievance appeals must adhere to certain requirements as to form and substance. *Id.* at 7-17.

Citing the Special Report [Dkt. No. 15] submitted in this matter pursuant to the Court's Order of June 28, 2022 [Dkt. No. 14], Driscoll argues that Carver submitted two Requests to Staff containing issues relevant to his § 1983 claims but that Carver failed to pursue either beyond these informal resolution attempts. Dkt. No. 16 at 6-7; *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The record reflects that Carver submitted Requests to Staff on March 22, 2022, and April 1, 2022, in which he alleges Driscoll harassed him and attempted to cause him bodily injury. Dkt. No. 15-5; Dkt. No. 15-6. The record further reflects, however, that Carver failed to complete the grievance process in either instance by filing a formal grievance and appealing its disposition to the Administrative Review Authority (ARA). Dkt. No. 15 at 7 (affidavit of Mark Knutson, manager of the ARA at the Department of Corrections Administrative Offices, attesting that the ARA "has not received a grievance or grievance appeal from inmate Carver regarding excessive force and/or verbal abuse by Officer Driscoll in March, April or May of 2022").

Carver has submitted no argument controverting the Special Report or otherwise disputing Driscoll's contention that Carver failed to exhaust his administrative remedies prior to initiating his § 1983 action. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 n.7 (10th Cir. 2009) (explaining that "an uncontroverted [*Martinez*] report may serve as the basis for a dismissal" under Rule 12(b)(6) of the Federal Rules of Civil Procedure). Thus, the Court concludes that Carver failed to

complete the applicable grievance process and dismisses Carver's Amended Complaint for failure to exhaust administrative remedies.  *See Thomas*, 609 F.3d at 1118.

## CONCLUSION

IT IS THEREFORE ORDERED that Driscoll's Motion to Dismiss [Dkt. No. 16] is GRANTED.  Carver's Amended Complaint [Dkt. No. 7] is DISMISSED without prejudice.  A separate judgment shall be entered.

Dated this 13th day of July 2023.

                                              JOHN F. HEIL, III
                                              UNITED STATES DISTRICT JUDGE